**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VANCE S. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-924-GPM |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (Doc. 3). On October 17, 2011, Plaintiff filed this civil complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision by Defendant to deny his claim for disability benefits and supplemental security income (Doc. 2).

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). While *in forma pauperis* status generally applies to *pro se* litigants, Local Rule of the United States District Court for the Southern District of Illinois 3.1(c)(1) contemplates that such status may be granted to an applicant who is represented by an attorney, as in this case. Under Local Rule 3.1(b), any person seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 shall submit an

affidavit of poverty similar in form to the form affidavit used pursuant to 28 U.S.C. § 2254.

In this case, the declaration supporting Plaintiff's application contains the requisite information and reveals that he is not presently employed; he was last employed in April 2009 earning approximately $800 per month; the only form of income he has received in the last 12 months is $200 per month in food stamps; he does not own any cash or have any savings; he has no assets; and he presently stays with friends and relies on them for assistance. He does not support any dependents. The Court finds Plaintiff to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

As an additional matter, the Court has reviewed Plaintiff's complaint and finds that, at this time, the action does not appear to be frivolous or malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or facts to support his claim for relief).

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED** as to this Court only. The Clerk of Court is **DIRECTED** to provide Plaintiff's counsel with a blank form of summons and three blank forms USM-285. If counsel chooses to have the United States Marshals Service effect service on Plaintiff's behalf, counsel shall complete these documents and return them to the Clerk of Court; the Clerk **SHALL** issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the United States Marshal **SHALL** (1) send by registered or certified mail to Defendant copies of the summons, the complaint, and this Memorandum and Order; (2) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois copies of the summons, the complaint, and this Memorandum and Order; and (3) send by

registered or certified mail to the Attorney General of the United States at Washington, D.C., copies of the summons, the complaint, and this Memorandum and Order. All costs of service shall be advanced by the United States, and counsel shall provide all necessary materials and copies to the United States Marshals Service. Plaintiff is **ADVISED** pursuant to Rule 4(m) that this action may be dismissed without prejudice if service is not effected within 120 days of the date of this Memorandum and Order.

**IT IS SO ORDERED.**

DATED: 10/20/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge